UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOUR CBD STORES FRANCHISING, LLC,

    Petitioner,

v.                        Case No. 8:23-cv-1550-VMC-AAS

BRETT W. BUCKWALTER,
a/k/a Brett Harris,
YOUR CBD STORE KANSAS, LLC,
d/b/a KANNABLISS, and
KANNACORP, LLC, d/b/a
KANNABLISS,

    Respondents.

_____/

**ORDER**

    This matter is before the Court on consideration of Petitioner Your CBD Stores Franchising, LLC's Petition to Confirm Arbitration Award (Doc. # 1), filed on July 12, 2023, and Respondents Brett W. Buckwalter, Your CBD Store Kansas, LLC ("CBD Kansas"), and Kannacorp, LLC's Cross-Petition/Motion to Vacate Final Arbitration Award (Doc. # 20), filed on August 21, 2023. The Petitions are fully briefed. (Doc. ## 22, 24, 26, 29). For the reasons detailed below, the Petition to Confirm is granted and the Petition to Vacate is denied.

1

I.   **Background**

Your CBD Stores Franchising "is the franchisor for the industry-leading franchise system (the 'System') for the offering of herbal and nutritional supplements containing lawful CBD 'Cannabinoid' from industrial hemp products manufactured and distributed by an affiliated company called Sunflora, Inc. ('Sunflora'), delivered in the form of capsules, dissolvable supplements, medicated cosmetics, topicals, dietary supplements and natural dietary products." (Doc. # 1 at ¶ 7). "CBD Kansas entered into three franchise agreements (collectively the 'Franchise Agreements') and accompanying agreements pursuant to which CBD Kansas owned and operated YOUR CBD STORE® franchised stores in Kansas (collectively the 'Stores')." (Id. at ¶ 17). "Buckwalter executed personal guarantees, guaranteeing CBD Kansas's performance under the Franchise Agreements." (Id. at ¶ 18).

"The Franchise Agreements contained arbitration provisions governing certain disputes arising thereunder." (Id. at ¶ 19). "In the operative arbitration provisions, Respondents expressly agreed to submit disputes under the Franchise Agreements to arbitration before the American Arbitration Association ('AAA')." (Id. at ¶ 20). The Franchise Agreements provided that "ARBITRATION SHALL BE

2

CONDUCTED BEFORE ONE ARBITRATOR CHOSEN IN ACCORDANCE WITH AAA COMMERCIAL ARBITRATION RULES" and that "THE RULES OF THE AAA AND THE UNITED STATES ARBITRATION ACT SHALL CONTROL." (Doc. # 1-1 at 39-40, 119-120).

Rule 43(a) of the AAA's Commercial Rules provides:

> Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules **may be served on a party by mail addressed to the party or its representative at the last known address** or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

AAA Comm. Arb. R. 43(a) (emphasis added). Once notice has been given, Rule 31 states that:

> Unless the law provides to the contrary, **the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement.** An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

AAA Comm. Arb. R. 31 (emphasis added).

According to the Petition to Confirm, "[f]ollowing CBD Kansas's breaches of its obligations under the Franchise Agreements and Buckwalter's breaches of his Guaranties, and pursuant to the terms of the arbitration provisions set forth

in the Franchise Agreements, Petitioner submitted to arbitration before the AAA a demand for arbitration captioned <u>Your CBD Stores, LLC v. Brett W. Buckwalter, et al.,</u> Case No. 01-22-0003-3568 (American Arbitration Association) (the 'Arbitration')." (Doc. # 1 at ¶ 21). Buckwalter, CBD Kansas, and Buckwalter's other business, KannaCorp (which did business as Kannabliss), were all named parties to the arbitration. (Doc. # 1-2 at 2-3).

Your CBD Stores Franchising has submitted the following evidence concerning service of various communications by the AAA to Your CBD Stores Franchising and Respondents. Your CBD Stores Franchising "served the Arbitration Demand on Respondents both by e-mail, using the same bharris@landmarkrealestate.net e-mail address Respondent Buckwalter previously used (and admits to using [(Doc. # 20-1, at ¶ 4)]), and also by Federal Express to each of Respondents' three stores and to Respondent Buckwalter's home." (Doc. # 29 at 4-5; Doc. # 29-6; Doc. # 29-7; Doc. # 29-8). Notably, Buckwalter signed the delivery confirmation for one delivery of the Arbitration Demand. (Doc. # 29-8 at 4).

On August 10, 2022, the AAA Case Administrator (hereinafter the "AAA") sent the parties an initiation

letter, which was sent to Respondents via U.S. Mail and via email to bharris@landmarkrealestate.net. (Doc. # 29-9). That same day, Buckwalter responded to the AAA's email, writing:

> I have NOT chose [sic] you to represent me Brett Buckwalter.
>
> This case has been dismissed.
>
> Thank you.

(Doc. # 29-10). The AAA responded to Buckwalter a few minutes later, writing: "The American Arbitration Association is administering the arbitration case. We do not represent parties." (Doc. # 29-11).

On August 25, 2022, the AAA sent an email to the parties, including Respondents at the bharris@landmarkrealestate.net email address, with an attached letter enclosing a list of potential arbitrators. (Doc. # 29-12).

On September 8, 2022, the AAA sent the parties an e-mail, reminding them that it was the deadline to submit arbitrator selection lists. (Doc. # 29-13). Buckwalter, from the bharris@landmarkrealestate.net email address, responded to the AAA's email as follows:

> Again.
>
> Both stores have been closed. I'm relocating to Washington state. I'm in no need of an arbitrator.
>
> Thank you.

(<u>Id.</u>). The AAA responded to Buckwalter's email the next morning, explaining:

> **The arbitration is proceeding because you have been named as a respondent in the case. If you do not participate, the case will proceed anyway**.
>
> I want to make sure that you have every opportunity to participate.
>
> If your address is changing, please forward the new address to me as soon as possible.

(<u>Id.</u>) (emphasis added).

On September 14, 2022, the AAA sent an email with attached letter enclosing a second list of potential arbitrators along with instructions to the parties. (Doc. # 29-14). The email was sent to the bharris@landmarkrealestate.net email address and others. (<u>Id.</u>).

On September 28, 2022, the AAA sent a letter to the parties informing them that James A. Gale, Esq. (the "arbitrator") had been appointed. (Doc. # 29-15). The email was sent to the bharris@landmarkrealestate.net email address and others. (<u>Id.</u>). Responding to this email on the same day, Buckwalter wrote:

> I do not acknowledge the terms or payment for this arbitration. Again. The stores are closed, I have relocated out of state and I do not need representation.

(Doc. # 29-16). The AAA then responded to Buckwalter's email, writing:

> The AAA is not representing you, Mr. Buckwalter. We are administering the arbitration per the AAA Commercial Rules. **If you do not participate, the arbitration will still proceed.**

(Id.) (emphasis added).

Other emails were sent to Respondents at the same email address in October 2022 regarding setting a preliminary hearing. (Doc. # 29-17; Doc. # 29-18; Doc. # 29-19). Then, on October 27, 2022, the AAA sent a letter to the parties enclosing the scheduling order. (Doc. # 29-20). An email with the letter attached was sent to the bharris@landmarkrealestate.net email address and others. (Id.). Additionally, the letter and scheduling order were mailed to Respondents via U.S. mail and certified mail, with a tracking number, to 519 East Douglas Avenue, Witchita, Kansas 67202. (Id.). This address was the downtown address of Respondents' business, KannaBliss, from "August 10, 2022, through February 1, 2023." (Doc. # 20-1 at ¶ 5). The tracking receipt shows that the letter and scheduling order were delivered on November 2, 2022. (Doc. # 29-21).

On November 11, 2022, the AAA sent a letter to the parties enclosing a notice of hearing for a status conference

scheduled for November 21, 2022. (Doc. # 29-22). An email with the letter attached was sent to the bharris@landmarkrealestate.net email address and others. (Id.). Additionally, the letter and scheduling order were mailed to Respondents via U.S. mail and certified mail, with a tracking number, to the 519 East Douglas Avenue address. (Id.). The tracking receipt shows that the letter and scheduling order were delivered on November 16, 2022. (Doc. # 29-23). On November 18, 2022, the AAA sent the parties an e-mail reminding them that a pre-hearing call had been scheduled for November 21, 2022. (Doc. # 29-24). This email was sent to Respondents at bharris@landmarkrealestate.net. (Id.).

On January 4, 2023, the AAA sent a letter to the parties enclosing a notice of hearing for the final arbitration hearing scheduled for January 25, 2023. (Doc. # 29-25). An email with the notice of hearing attached was sent to Respondents at bharris@landmarkrealestate.net. (Id.). The notice of hearing was also mailed to Respondents via U.S. mail and certified mail, with a tracking number, to the 519 East Douglas Avenue address. (Id. at 3). The tracking receipt shows that the notice of hearing was delivered on January 17, 2023. (Doc. # 29-26).

"The arbitration proceeded to a final arbitration hearing on January 25, 2023." (Doc. # 1 at ¶ 22). Respondents did not appear at the final hearing, so the hearing proceeded only with the arbitrator and Your CBD Stores Franchising. (Doc. # 29-2 at ¶ 23). The arbitrator issued the final arbitration award on May 22, 2023, awarding Your CBD Stores Franchising $363,276.09 against Respondents, jointly and severally, as well as interest at the statutory rate of 5.52% per annum until the award was paid in full. (Doc. # 1 at ¶ 23; Doc. # 1-2).

The arbitrator noted at multiple points in the final arbitration award that Respondents had been given due notice of the arbitration, preliminary hearings, and the final hearing "in accordance with the Rules of the AAA," but Respondents chose not to participate. See (Doc. # 1-2 at 1) ("having given all Respondents numerous notices to appear and be heard, and, Brett Buckwalter and Respondents having failed to appear after due notice in accordance with the Rules of the AAA"); (Id. at 2-3) ("On October 14, 2022, the AAA sent a letter scheduling a telephonic Preliminary Hearing to take place on October 17, 2022 at 1:00 p.m. before the undersigned Arbitrator. Despite the notice being provided to all of the parties (including Respondents), only counsel for Claimant

9

appeared for the Preliminary Hearing. After waiting approximately 15 minutes, the undersigned suspended the preliminary hearing in order to give Respondents a further opportunity to attend."); (Id. at 3) ("Despite the notice being provided to all of the parties (including Respondents), only counsel for Claimant appeared at the rescheduled Preliminary Hearing."); (Id.) ("On January 4, 2023, the AAA duly served the parties with a letter stating that the final hearing was rescheduled to take place at 10:30 a.m. on January 25, 2023, at 200 South Biscayne Boulevard, 30th Floor, Miami, Florida 33131."); (Id.) ("Respondents did not show up for the Final Arbitration hearing that had been properly and duly noticed.").

On May 22, 2023, the AAA sent an e-mail to the parties, including to Respondents at the bharris@landmarkrealestate.net email address, enclosing the arbitrator's final award. (Doc. # 29-29). The final award was also sent to Respondents at the 519 East Douglas Avenue address via U.S. mail and certified mail. (Id.).

Subsequently, Your CBD Stores Franchising initiated this action on July 12, 2023, by filing its Petition to Confirm. (Doc. # 1). Respondents in turn seek to vacate the final arbitration award, arguing that they did not receive notice

of the final arbitration hearing or the final award. (Doc. # 20). In support of vacatur, Buckwalter provided a declaration. (Doc. # 20-1). Therein, he avers that — although he received four emails at the bharris@landmarkrealestate.net email address from the AAA or Petitioner's counsel in August and September 2022 — he "did not receive a notice of the final arbitration hearing, nor did KannaCorp or CBD Kansas, so [he] did not attend on behalf of [himself], KannaCorp, or CBD Kansas." (Id. at ¶¶ 8-10). "If [Buckwalter] [had] receive[d] a notice of the final arbitration hearing, [he] would have appeared and so would CBD Kansas and KannaCorp." (Id. at ¶ 11). "Only when [Buckwalter] received service of the Petition to Confirm Arbitration Award did [he] ultimately come to know about the scheduling and occurrence of the final arbitration hearing and the Final Arbitration Award." (Id. at ¶ 13).

Both Petitions are fully briefed (Doc. ## 22, 24, 26, 29), and ripe for review.[1]

_____

[1] After both Petitions were briefed, Respondents' counsel moved to withdraw because "circumstances ha[d] arisen where [counsel] cannot verify and can no longer affirm the accuracy of certain statements made in the filings Counsel submitted on Respondents'/Cross-Petitioners' behalf." (Doc. # 30 at 2 n.1). That motion was granted on October 3, 2023, and the Magistrate Judge informed CBD Kansas and KannaCorp that they may not proceed pro se and must obtain new counsel by November 3, 2023. (Doc. # 31). However, because both Petitions are briefed and the Court will not permit further briefing on the

## II.  **Legal Standard**

"The Federal Arbitration Act ('FAA'), 9 U.S.C. § 1, et seq., imposes a heavy presumption in favor of confirming arbitration awards." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002). "Section 9 of the FAA provides that, upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010) (emphasis in original).

Section 10 of the FAA permits vacatur of an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final,

Petitions, there is no need for the Court to delay disposition of the Petitions until the entity Respondents obtain new counsel.

and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

## III. **Analysis**

As a preliminary matter, the FAA "controls the determination of this proceeding to confirm the arbitration award, because the subject transaction involved interstate commerce." PriMed, Inc. v. Dallas Gen. Life Ins. Co., No. 8:11-cv-2002-VMC-AEP, 2012 WL 646221, at *1 (M.D. Fla. Feb. 28, 2012). "The FAA applies if the transaction involves interstate commerce, even if the parties did not contemplate interstate commerce." Id. (citing Rewards Hotel Mgmt. Co., LLC v. Elite Gen. Contractors, Inc., 860 So. 2d 1011, 1013 (Fla. 3d DCA 2003)). "This is the case even where an arbitration agreement has a choice of law provision specifying that Florida controls." Id.

Here, all parties agree that the FAA applies. See (Doc. # 1) (Petitioner arguing that the arbitration award should be confirmed under the FAA); (Doc. # 20 at 5) ("Here, there is no dispute that the agreements at issue involve interstate commerce. . . . Therefore, the FAA governs, as supplemented by the [Florida Arbitration Code]."). Thus, the Court will apply the FAA in resolving the Petitions.

## A.   **Prerequisites to Confirmation**

"The FAA sets forth certain threshold requirements that must be satisfied before a district court can entertain a petition for enforcement of an arbitration award." <u>Vital Pharms. v. PepsiCo, Inc.</u>, 528 F. Supp. 3d 1304, 1307–08 (S.D. Fla. 2020) (citing 9 U.S.C. § 9). "First, the party seeking confirmation of the award must do so within one year of the date the award was made." <u>Id.</u> at 1308. "Second, because the FAA does not confer subject matter jurisdiction upon district courts, the district court must have an independent basis for jurisdiction." <u>Id.</u> "Third, an arbitration award must be sufficiently final before a district court may review it." <u>Id.</u>

The three threshold requirements for confirmation of the arbitration award are met here. Notably, Respondents do not challenge any of these requirements in their response to the Petition to Confirm or in their Petition to Vacate.

First, the Petition to Confirm was filed in July 2023 - within one year of the final award in May 2023. (Doc. # 1-2). Next, the Court has diversity jurisdiction over this case. As alleged in the Petition to Confirm, there is complete diversity between Your CBD Stores Franchising and Respondents. (Doc. # 1 at 1-2). Your CBD Stores Franchising

14

is a citizen of Florida, California, and Georgia. (Doc. # 26). Buckwalter is a citizen of Kansas. (Doc. # 1 at 1). CBD Kansas is a citizen of Kansas. (Doc. # 24). Kannacorp is a citizen of Kansas. (Id.). Likewise, the amount in controversy exceeds $75,000, as shown by the arbitrator's awarding Your CBD Stores Franchising $363,276.09. (Doc. # 1-2 at 8).

Third, the final award is sufficiently final because it resolved all the claims at issue in the arbitration proceeding. See (Id. at 9) ("This Award is in full resolution of all claims submitted to this arbitration."); see also Publicis Commc'n v. True N. Commc'ns, Inc., 206 F.3d 725, 729 (7th Cir. 2000) ("These cases show that although the Federal Arbitration Act uses the word award in conjunction with finality, courts go beyond a document's heading and delve into its substance and impact to determine whether the decision is final.").

Because these requirements have been met, the Court must confirm the arbitration award unless Respondents establish that vacatur is required under one of the FAA's limited reasons for vacatur.

**B.   <u>Vacatur Arguments</u>**

In their Petition to Vacate, Respondents argue that vacatur of the arbitration award is required under Section

10(a)(3) because the arbitrator never issued them notice of the final arbitration hearing or final award. (Doc. # 20 at 6-7). They maintain that "the arbitrator did not provide any notice to [Respondents]. Though [Respondents] received some Arbitration communications, no notice was provided to inform [them] of the date, location, or time for the final arbitration hearing." (Id. at 7).

Indeed, in his declaration, Buckwalter avers that he "did not receive a notice of the final arbitration hearing, nor did KannaCorp or CBD Kansas, so [he] did not attend on behalf of [himself], KannaCorp, or CBD Kansas." (Doc. # 20-1 at ¶ 10). "If [Buckwalter] [had] receive[d] a notice of the final arbitration hearing, [he] would have appeared and so would CBD Kansas and KannaCorp." (Id. at ¶ 11). "Only when [Buckwalter] received service of the Petition to Confirm Arbitration Award did [he] ultimately come to know about the scheduling and occurrence of the final arbitration hearing and the Final Arbitration Award." (Id. at ¶ 13).

Buckwalter admits, however, that he, as sole owner of CBD Kansas and KannaCorp, received four earlier arbitration communications via email: (1) an "August 5, 2022, email correspondence from the office of counsel for [Your CBD Stores Franchising] with the Demand for Arbitration attached

16

thereto"; (2) an "August 10, 2022, email correspondence from AAA with correspondence dated August 10, 2022, that was attached thereto"; (3) a "September 8, 2022, email correspondence from AAA reminding the Parties of the deadline for their arbitrator selection lists"; and (4) a "September 28, 2022, email correspondence from AAA." (Id. at ¶¶ 8-9).

Section 10(a) permits vacatur "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "Misconduct typically arises where there is proof of either bad faith or gross error on the part of the arbitrator." Agrawal v. Agrawal, 775 F. Supp. 588, 589 (E.D.N.Y. 1991), aff'd sub nom. Agarwal v. Agarwal, 969 F.2d 1041 (2d Cir. 1992); see also Pochat v. Lynch, No. 12-22397-CIV, 2013 WL 4496548, at *10 (S.D. Fla. Aug. 22, 2013) ("With respect to Section 10(a)(3) in particular, courts have emphasized that this subsection does not warrant vacatur where an arbitrator merely made an erroneous discovery or evidentiary ruling; rather, a plaintiff must show that the arbitrator's handling of these matters was in bad faith or so gross as to amount to

affirmative misconduct, effectively depriving the plaintiff of a fundamentally fair proceeding."). "Eleventh Circuit case law on Section 10(a)(3) . . . demonstrates that vacatur is warranted only where the arbitrators' conduct deprives the party of a fundamentally fair hearing." Pochat, 2013 WL 4496548, at *12.

As the Supreme Court has explained, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). However, "[w]hile 'all parties in an arbitration proceeding are entitled to notice and an opportunity to be heard,' due process is not violated if the hearing proceeds in the absence of one of the parties when that party's absence is the result of his decision not to attend." Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 729 (5th Cir. 1987) (citation omitted).

"For vacatur of an arbitration award," the Court requires "the absence of actual or constructive notice." 21st Fin. Servs., L.L.C. v. Manchester Fin. Bank, 747 F.3d 331, 337 (5th Cir. 2014) (citing Bernstein Seawell & Kove, 813

F.2d at 729). Where there is sufficient evidence showing that a party has received actual or constructive notice of the arbitration hearing, the award will be enforced. Id.

"The Court's review of sufficiency of service in this context is [] narrow. It is limited to whether 'the arbitrat[or's] decision that notice was adequate constituted misconduct or misbehavior affecting [Respondents'] rights,' such that fundamental fairness is violated." Aksman v. Greenwich Quantitative Rsch. LP, 563 F. Supp. 3d 139, 151 (S.D.N.Y. 2021) (citation omitted); Marsillo v. Geniton, No. 03 CIV. 2117 (TPG), 2004 WL 1207925, at *6 (S.D.N.Y. June 1, 2004) ("[T]he arbitration panel has the power to confer an arbitration award where a party fails to appear but has received adequate notice. Deciding whether notice was adequate thus does not exceed the panel's powers. The question is thus whether under these circumstances the arbitration panels' decision that notice was adequate constituted misconduct or misbehavior affecting Geniton's rights." (citing 9 U.S.C. § 10(a)(3))); see also Aria Fire Sys., Inc. v. Sprinkler Fitters UA Loc. 709, No. 216CV03522CASRAOX, 2016 WL 6745323, at *8 (C.D. Cal. Nov. 14, 2016) (denying motion to vacate where "the arbitrator expressly found that [respondent] had received adequate notice of the arbitration

meeting" and explaining that "[t]he arbitrator's factual findings cannot be disturbed by this Court").

Here, while it is undisputed that Respondents received notice that the arbitration proceedings had been initiated against them (Doc. # 20-1 at ¶¶ 8-9; Doc. # 29-8 at 4), there is a factual dispute about whether Respondents received actual notice of the final arbitration hearing and arbitration award because Respondents deny receiving notice of the final arbitration hearing. See NOTICE, Black's Law Dictionary (11th ed. 2019) (defining "actual notice" as "Notice given directly to, or received personally by, a party.").

But the Court need not resolve this dispute as to actual notice because there is indisputable evidence that constructive notice of the final arbitration hearing was given to Respondents. See Id. (defining "constructive notice" as "Notice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of, such as a registered deed or a pending lawsuit; notice presumed by law to have been acquired by a person and thus imputed to that person."). Again, Buckwalter admits that he received at least some communications from the AAA concerning the arbitration proceedings to his email address

at bharris@landmarkrealestate.net. (Doc. # 20-1 at ¶¶ 4, 8-9). Indeed, he responded to certain emails from the AAA from this email address, indicating his intention not to be involved in the arbitration proceedings. See (Doc. # 29-10; Doc. # 29-13; Doc. # 29-16).

Even taking as true Buckwalter's declaration that he did not actually see any notice of the final arbitration hearing (Id. at ¶ 10), it cannot be disputed that notice of the final arbitration hearing was sent to him both (1) via email at the same email address at which he received other communications from the AAA and (2) via certified mail. (Doc. # 29-25; Doc. # 29-26; Doc. # 29-2 at ¶ 22). The AAA emailed a letter scheduling the January 25, 2023, final arbitration hearing to Buckwalter (at bharris@landmarkrealestate.net) and to Your CBD Stores Franchising's counsel on January 4, 2023. (Doc. # 29-25).

The notice of the final arbitration hearing was also mailed to 519 East Douglas Avenue, Wichita, Kansas 67202 and a delivery receipt shows that delivery was successfully completed at that location on January 17, 2023. See (Doc. # 29-26) (USPS tracking receipt showing the letter was "Delivered, Left with Individual" on January 17, 2023); (Doc. # 29-25 at 3) (the notice of final arbitration hearing with

21

Buckwalter and CBD Kansas's mailing address listed as 519 East Douglas Avenue, Wichita, Kansas 67202, and noting that the notice was mailed via U.S. mail and certified mail). Importantly, Buckwalter admits in his declaration that the 519 East Douglas Avenue address "was the address of KannaBliss downtown" from "August 10, 2022, through February 1, 2023" — a period including January 2023 when the notice of the final arbitration hearing was delivered. (Doc. # 20-1 at ¶ 5). And sending such notice of hearing via mail was appropriate under the AAA Commercial Rules. See AAA Comm. Arb. R. 43(a) (permitting any papers or notices to be served "by mail addressed to the party or its representative at the last known address"); Choice Hotels Int'l, Inc. v. AALIA Hosp. Corp., No. 8:18-CV-01526-PX, 2019 WL 2904664, at *2-3 (D. Md. July 3, 2019) (finding that franchisor and AAA provided proper notice of arbitration proceedings to franchisee under AAA Commercial Arbitration Rule 43 and that notice met constitutional due process requirements where franchisor mailed to the franchisee a copy of the arbitration demand and a AAA representative mailed and e-mailed case-related documents and noting the fact that franchisor's manager signed the postal receipt as evidence that notice was received).

Thus, even if Buckwalter did not personally receive this communication scheduling the final arbitration hearing, notice of the hearing was sent to Respondents at email and mailing addresses Buckwalter acknowledges were valid. This is sufficient to establish constructive notice. See Grp. 32 Dev. & Eng'g, Inc. v. GC Barnes Grp., LLC, No. 3:14-CV-2436-B, 2015 WL 144082, at *6 (N.D. Tex. Jan. 9, 2015) ("[D]ue process requirements are satisfied, and an arbitration award will not be vacated, if the affected parties are given either actual or constructive notice. Accordingly, GC Barnes' argument that it lacked actual notice of the hearing, even if true, would not automatically warrant the vacatur of the award. Here, Group 32 has provided ample evidence demonstrating that GC Barnes received at least constructive notice of the arbitration proceeding, as timely notice was sent to GC Barnes in accordance with the AAA rules." (citations omitted)); see also Massage Green Int'l Franchise Corp. v. Bunsey, No. 22-51267, 2023 WL 4996629, at *4-5 (E.D. Mich. June 27, 2023) (confirming arbitration award and rejecting argument that respondents were not properly served where AAA mailed and e-mailed notices to respondent and evidence, including fact that respondent responded to AAA's correspondence, confirmed that service had been received); 21st Fin. Servs., 747 F.3d

23

at 338 & n.15 (finding that constructive or actual notice of arbitration proceedings existed where party moving for vacatur had acknowledged the other party's arbitration demand and had confirmed receipt of a letter sent by the AAA).

Furthermore, accepting that Buckwalter did not personally receive the properly sent notices of the final arbitration hearing, the communications Buckwalter admits receiving still alerted Respondents that an AAA arbitration proceeding had been initiated against them. These emails, and (according to Buckwalter) the lack of further emails that followed, would have alerted Respondents that they might not be receiving all communications regarding the arbitration proceedings moving forward. See Marsillo, 2004 WL 1207925, at *5–6 (finding that a party seeking to vacate an arbitration award had actual knowledge of the proceedings in part because he had received a letter containing information regarding the arbitration and the letter signaled that he may not be receiving all the communications that were sent to him related to the proceedings).

Indeed, the AAA, in response to Buckwalter's September 8, 2022, email that he was "in no need of an arbitrator," emphasized to Buckwalter that "[t]he arbitration is proceeding because [he had] been named as a respondent in the

case" and "[i]f [he did] not participate, the case will proceed anyway." (Doc. # 29-13). And, again, on September 28, the AAA responded to an email from Buckwalter and warned him: "If you do not participate, the arbitration will still proceed." (Doc. # 29-16). Yet, despite admittedly being aware that an arbitration had been initiated and that the arbitration would proceed even if they did not participate, Respondents failed to participate in the arbitration proceedings. Moreover, even if Buckwalter did not receive later communications from the AAA despite their being sent to his admitted email and physical address, Respondents still failed to inquire about the lack of further communications or notices of hearing.

In short, Respondents at a minimum had constructive notice of the final arbitration hearing because they were aware that the arbitration was proceeding against them and they were properly sent the notice of hearing at their admitted email and physical addresses. Thus, there is no reason to conclude that the arbitrator engaged in misconduct by ruling (1) that Respondents had been served in accordance with the AAA Rules and (2) that it was appropriate to proceed with the final arbitration hearing in Respondents' absence. See Grp. 32 Dev. & Eng'g, Inc., 2015 WL 144082, at *6 ("[T]he

Court finds no reason why the award should be vacated based on the arbitrator's decision to proceed *ex parte* on the April 7, 2014 hearing, as AAA Rule 31 permits such a practice. Group 32 and the AAA made repeated attempts to notify GC Barnes of the proceedings, and based on the receipts of the documents sent by certified mail, neither Group 32 nor the AAA had any indication that GC Barnes may not have been properly notified. Moreover, GC Barnes acknowledges the receipt of essential communications prior to the hearing, which would have alerted it to the pendency of arbitration proceedings against it." (citation omitted)).

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED:**

(1)   Petitioner Your CBD Stores Franchising, LLC's Petition to Confirm Arbitration Award (Doc. # 1) is **GRANTED.**

(2)   Respondents Brett W. Buckwalter, Your CBD Store Kansas, LLC, and Kannacorp, LLC's Cross-Petition/Motion to Vacate Final Arbitration Award (Doc. # 20) is **DENIED.**

(3)   The final arbitration award is confirmed. The Clerk is directed to enter judgment in favor of Petitioner Your CBD Stores Franchising, LLC and against Respondents Brett W. Buckwalter, Your CBD Store Kansas, LLC, and Kannacorp, LLC, accordingly.

(4)   The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of October, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE