```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

YOUR CBD STORES FRANCHISING, LLC,

    Petitioner,

v.                                        Case No. 8:23-cv-1550-VMC-AAS

BRETT W. BUCKWALTER,
a/k/a Brett Harris,
YOUR CBD STORE KANSAS, LLC,
d/b/a KANNABLISS, and
KANNACORP, LLC, d/b/a
KANNABLISS,

    Respondents.

_____/

## **ORDER**

This matter is before the Court on consideration of Petitioner Your CBD Stores Franchising, LLC's Motion for Sanctions under Rule 11, the Court's Inherent Power, and 28 U.S.C. § 1927 Based on Respondent's Motion To Vacate (Doc. # 35), filed on October 12, 2023. Respondents Brett W. Buckwalter, Your CBD Store Kansas, LLC ("CBD Kansas"), and Kannacorp, LLC, who are currently pro se, did not respond. Respondents' former counsel, Alissa A. Kranz of Cantrell Astbury Kranz, P.A., responded on November 2, 2023. (Doc. # 43). For the reasons that follow, the Motion is denied.

1

**I.   Background**

Your CBD Stores Franchising initiated this action on July 12, 2023, by filing its Petition to Confirm Arbitration Award. (Doc. # 1). In response, Respondents, who were represented by Ms. Kranz at that time, filed a Cross-Petition/Motion to Vacate Final Arbitration Award, arguing that vacatur of the arbitration award was required under Section 10(a)(3) because the arbitrator never issued them notice of the final arbitration hearing or final award. (Doc. # 20 at 6-7). In his attached declaration, Buckwalter averred that he "did not receive a notice of the final arbitration hearing, nor did KannaCorp or CBD Kansas, so [he] did not attend on behalf of [himself], KannaCorp, or CBD Kansas." (Doc. # 20-1 at ¶ 10). "If [Buckwalter] [had] receive[d] a notice of the final arbitration hearing, [he] would have appeared and so would CBD Kansas and KannaCorp." (Id. at ¶ 11). "Only when [Buckwalter] received service of the Petition to Confirm Arbitration Award did [he] ultimately come to know about the scheduling and occurrence of the final arbitration hearing and the Final Arbitration Award." (Id. at ¶ 13).

After Your CBD Stores Franchising responded to the Petition to Vacate (Doc. # 29), Ms. Kranz moved to withdraw as counsel for Respondents on October 2, 2023. (Doc. # 30).

2

In that motion, Ms. Kranz stated that "circumstances have arisen where the undersigned cannot verify and can no longer affirm the accuracy of certain statements made in the filings Counsel submitted on Respondents'/Cross-Petitioners' behalf." (Id. at 3 n.1). The motion to withdraw was granted the next day. (Doc. # 31).

The Court subsequently granted the Petition to Confirm and denied the Petition to Vacate on October 12, 2023. (Doc. # 34). The Court identified a factual dispute as to whether Respondents ever received the notice of the final arbitration hearing. (Id. at 20). The Court did not resolve that dispute or decide whether Buckwalter's declaration was false. (Id.). Instead, the Court held that, even accepting as true Buckwalter's declaration that Respondents did not receive the notice of the final hearing, Respondents nevertheless had constructive notice of the final hearing. (Id.). "Even taking as true Buckwalter's declaration that he did not actually see any notice of the final arbitration hearing, it cannot be disputed that notice of the final arbitration hearing was sent to him both (1) via email at the same email address at which he received other communications from the AAA and (2) via certified mail." (Id. at 21) (citations omitted).

That same day, Your CBD Stores Franchising moved for sanctions against both Respondents and their former counsel, Ms. Kranz. (Doc. # 35). Ms. Kranz has responded (Doc. # 43), and the Motion is ripe for review.

II. **Legal Standard**

By presenting to the Court a pleading, written motion, or other paper, an attorney or unrepresented party certifies to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law, or for establishing new law, and that the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). Fed. R. Civ. P. 11(b)(2-3); see also Lee v. Mid-State Land & Timber Co., Inc., 285 F. App'x 601, 608 (11th Cir. 2008).

Sanctions are appropriate pursuant to Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for

4

an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal quotation marks and citation omitted).

A court generally conducts a two-part inquiry when considering a motion for sanctions: (1) whether the party's claims are objectively frivolous in view of the facts or law, and, if so, (2) whether the person who signed the pleadings should have been aware that they were frivolous. Id. Even if counsel had a good faith belief that the claims were sound, sanctions must be imposed if counsel failed to make a reasonable inquiry. Id.

Likewise, 28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation and internal quotation marks omitted). "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." Id.

The Court also can impose sanctions pursuant to its inherent authority. "The inherent power is both broader and narrower than other means of imposing sanctions." Id. (citation and internal quotation marks omitted). "The key to unlocking a court's inherent power is a finding of bad faith." Id. at 1316 (citation omitted). "When considering sanctions under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under § 1927." Id. (citation and internal quotation marks omitted). "Generally, if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power." Id. at 1315.

District courts have authority to consider and rule upon the collateral issue of Rule 11 sanctions even after dismissing the case from which allegedly sanctionable conduct arose. See Macort v. Prem, Inc., No. 04-15081, 2005 WL 8151794 at *5 (11th Cir. 2005) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.")).

6

"The same is true of motions under 28 U.S.C. § 1927 for sanctions and fees." Id.

### III. Analysis

Your CBD Stores Franchising argues that sanctions against Respondents and their former counsel, Ms. Kranz, are warranted under Rule 11, Section 1927, and the Court's inherent authority. According to Your CBD Stores Franchising, "Respondents and Respondents' Counsel filed their Motion to Vacate which contains numerous misrepresentations of fact which are demonstrably false" and they "did not withdraw the Motion to Vacate or take any other steps to correct the record even after being presented with evidence demonstrating that their representations to this Court were false." (Doc. # 35 at 20).

The Court declines to impose sanctions here. As to Respondents, Your CBD Stores Franchising has not established that Respondents' position was objectively frivolous or taken in bad faith. That is, it has not been sufficiently shown that Buckwalter lied in his declaration, upon which the Petition to Vacate rested. Again, the Court did not hold in its Order denying the Petition to Vacate and granting the Petition to Confirm that Buckwalter's declaration was false. Rather, the Court held that, even accepting Buckwalter's

7

declaration as true that Respondents never **received** notice of the final arbitration hearing, there was still constructive notice of the final arbitration hearing based on the evidence that such notice was **sent**. (Doc. # 34 at 20-21).

As before, the Court does not conclude that Buckwalter's declaration — and thus the Petition to Vacate — contains intentional falsehoods. There is a factual dispute over whether Buckwalter and the other Respondents received notice of the final arbitration hearing. But "Rule 11 sanctions are not appropriate merely because factual disputes regarding allegations in a pleading exist." Mitchell v. Int'l Consol. Cos., Inc., No. 11-60403-CIV, 2014 WL 6997609, at *5 (S.D. Fla. Dec. 10, 2014); see also Cabrera v. Goodyear Tire & Rubber Co., No. CIV. 10-21226, 2011 WL 535103, at *2 (S.D. Fla. Feb. 8, 2011) ("Although the affidavits by Mr. Flores and Mr. Galeano are probative evidence against the plaintiffs' claims, the parties' conflicting accounts of what happened simply demonstrate that there are fact disputes that, if resolved in favor of the plaintiffs, may allow them to prevail. In any event, the defendants have not met their relatively high burden of showing the lawsuit is so baseless in law or fact to justify Rule 11 sanctions."). Buckwalter's declaration acknowledged receipt of certain communications

8

from the AAA and from opposing counsel related to the arbitration, including the arbitration demand. (Doc. # 20-1 at 2-3). Buckwalter maintained, however, that he did not **receive** other communications regarding the arbitration, including notice of the final arbitration hearing. See (Id. at 3) ("I did not receive a notice of the final arbitration hearing, nor did KannaCorp or CBD Kansas, so I did not attend on behalf of myself, KannaCorp, or CBD Kansas."). While Your CBD Stores Franchising has shown that the arbitrator duly sent all arbitration communications to Respondents, it does not necessarily follow that Buckwalter lied about his lack of personal receipt of these communications. It is conceivable that Respondents, through accident or inattention, did not see or review these communications.[1] Indeed, in pro se filings that have subsequently been stricken, Respondents have continued to maintain that they did not receive proper notice of the final arbitration hearing. (Doc. # 32 at 4; Doc. # 41 at 4-5); see also (Doc. # 43-1) (Ms. Kranz's declaration,

---

[1] While Buckwalter did sign the certified mail receipt for the arbitration demand letter in August 2022, that communication was not a notice of the final arbitration hearing. (Doc. # 35 at 6; Doc. # 35-8 at 4). Furthermore, Buckwalter did not deny in his declaration that he had received the arbitration demand. (Doc. # 20-1 at 2-3). Thus, there is still no evidence that Buckwalter received the notice of the final arbitration hearing.

9

noting that after Your CBD Stores Franchising's response to the Petition to Vacate, Respondents "still wishe[d] to pursue [the Petition to Vacate] and affirm[ed] [it was] factually correct").

Given the unresolved factual dispute about Respondents' receipt of notice of the final arbitration hearing, the Court is not convinced that Respondents violated Rule 11 or acted in bad faith by filing the Petition to Vacate or Buckwalter's declaration. Thus, sanctions against Respondents are not appropriate.

Similarly, sanctions against Respondents' former counsel Ms. Kranz are likewise inappropriate. Again, the Court is not convinced that Ms. Kranz knew at the time of the filing of the Petition to Vacate or afterwards that the representations about Respondents' receipt of notice were false or frivolous. In her declaration, Ms. Kranz outlines the reasonable investigation she took in drafting the Petition to Vacate, including multiple conferences with Buckwalter and review of documents. (Doc. # 43-1 at 2-4). Ms. Kranz based the Petition to Vacate on the representations of fact made by Buckwalter, who signed a sworn declaration including those representations. Even if the Court assumes Buckwalter's representations were false, Ms. Kranz had no reason to know

that they were false or frivolous at the time of filing the Petition to Vacate. See Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.").

True, sanctions can be appropriate where an attorney continues advocating claims that he has learned during litigation are frivolous. See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (explaining that the rule "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable"); Gulisano v. Burlington, Inc., 34 F.4th 935, 944 (11th Cir. 2022) (finding sanctions appropriate where attorney "persisted in claiming that he could collect" a default judgment award from entities not named as parties to the default judgment, even after those entities "alerted [him] to the potential impropriety of his collection efforts"); Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir. 1996) ("That the contentions contained in the complaint were not frivolous at the time it was filed does not prevent the district court from sanctioning Penick for

11

his continued advocacy of them after it should have been clear that those contentions were no longer tenable. An ample basis exists for the district court's imposition of Rule 11 sanctions.").

But, here, Ms. Kranz did not continue advocating for the Petition to Vacate merely because she did not withdraw the Petition when she withdrew from representation. After she learned from Your CBD Stores Franchising that notice of the final arbitration hearing had been sent to Respondents, Ms. Kranz had cause to doubt the accuracy of Buckwalter's declaration and the Petition to Vacate but did not know that the representations about receipt of notice were false. Notably, she did not have the consent of Respondents to withdraw the Petition to Vacate and, in fact, Respondents still "affirm[ed] [the Petition to Vacate] [as] factually correct." (Doc. # 43-1 at 6).

Ms. Kranz avers that she "reviewed the Florida Rules of Professional Conduct to determine what steps [she] should take next in light of [her] pursuit of withdrawal, [her] confidentiality obligation, [her] inability to continue to verify facts or affirm accuracy of the facts and statements in the Motion to Vacate, and [her] duties to the Court." (Id.). After consulting with an attorney from the Florida Bar

Ethics Hotline, Ms. Kranz followed the attorney's recommendation to file the motion to withdraw as counsel with the explanation that "circumstances have arisen where the undersigned cannot verify and can no longer affirm the accuracy of certain statements made in the filings Counsel submitted on Respondents'/Cross-Petitioners' behalf." (Id. at 6-7; Doc. # 29 at 3 n.1). Importantly, between August 21, 2023, (the date the Petition to Vacate was filed) and October 2, 2023 (the date the motion to withdraw as counsel was filed), Ms. Kranz made no additional filings with or representations to the Court. (Doc. # 43-1 at 7). Thus, she did not continue actively advocating for Respondents' position to the Court.

Considering the circumstances, Ms. Kranz acted in good faith in deciding to withdraw from the representation without withdrawing the Petition to Vacate. Her conduct does not warrant sanctions because Ms. Kranz did not continue advocating the Petition to Vacate once she could no longer verify the accuracy of the Petition, but rather withdrew from the representation. The Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Petitioner Your CBD Stores Franchising, LLC's Motion for Sanctions under Rule 11, the Court's Inherent Power, and 28 U.S.C. § 1927 Based on Respondent's Motion To Vacate (Doc. # 35) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of November, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE